The opinion of the Court was delivered by
Cheves, J.
We have, since the last term, had the Act incorporating the church, before us, and it appears to be a public Act; and, as such, the Court is bound to notice it.
1. The first ground of the motion for a new trial is, that if the church was a corporate body, the legal property of the note vested in the corporation, and could not be transferred, but by some act under the seal of the corporation.
The general rule is, that a corporation aggregate cannot do any act of importance without deed, that is, some instrument under seal, though there are many exceptions to the rule. 1 Woodeson, Vin. Leet., 493. And the question here is, whether this case be one of those exceptions. The first exceptions were founded on conveniency in small matters, and gradually this relaxation widened to embrace more important matters. At length it seems to have been established, that though a corporation cannot contract directly, except under seal, yet it may by vote or other act, sufficiently expressive of the corporate will and intention, appoint an agent, whose acts and contracts, within the scope *of his authority, will be binding on the corporation. Rex v. Bigg, 3 P. Wms., 419;[1] Bank of Columbia v. Patterson’s Administrator, 7 Cranch, 305. It was therefore competent for the church, in this case, to delegate the power of transferring this note to the vestrymen and wardens; and the point is reduced to this inquiry, did the church delegate the power of transferring this note to the indorsers ? This is merely a question of proof, and ought to be made out by such reasonable evidence as shows the assent of *140 the corporation to the act. If it appear that the vestry and wardens of Episcopal churches manage the temporal concerns of the church, in the collecting and disbursing their moneys, (and this I believe is a matter of such notoriety as not to require particular proof,) this, of itself, would go far to establish the assent, if it would not in itself be sufficient. But in this case there are very strong additional circumstances. The contract, in its original nature, by a promissory note, establishes proof that it was the intention of the corporation, in taking this evidence of debt, that it should be managed by a more convenient mode than a direct act of the corporation. Almost the only other mode was by their customary agent in temporal matters of ordinary importance. These were the vestrymen and wardens, which is an explicit designation of them, as the persons to receive, and to appoint others to receive the contents of it, according to the nature of the instrument. These, I think, were abundant proofs of the delegation of power to the indorsers to make the transfer; and I therefore think the indorsement was sufficient to enable the plaintiffs to sue in their own names.
2. It appears by the adduction of the Act of Assembly, incorporating the church, that the Act is a public Act, of which the Court is bound to take notice in a case like this, without its having been formally given in evidence, and, therefore, a sufficient reply to the second ground of the motion.
3. The third and last ground was hardly touched, in the argument by the counseI f°r the motion, and, it *would seem, was, very properly, not pressed. I am not aware of better evidence than that which was adduced. The omission of a certificate of the vestrymen and wardens of the preceding year, (whatever was its nature,) could not, it would seem, under any common circumstances, vitiate the election. Suppose they should, contumaciously, refuse to certify, would it be in their power to nullify the power of the corporators to elect ? But we are not even informed what was the nature of the deficient certificate, and, consequently, cannot say it was material.
On all the grounds, therefore, I am of opinion a new trial ought tobe granted.
Nott, Gantt, Johnson and Bat, JJ., concurred.

 11 Rich. 392; 2 Rich. 433.